UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA MAURICE VANDEVELDE,

    Plaintiff,

v.

                                          Case No. 4:25-cv-10140
                                          Hon. F. Kay Behm

MONROE COUNTY JAIL, AND
CAPT. JULIE MASSINGILL,

    Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Joshua Maurice Vandevelde is a state prisoner serving a sentence of 5-15 years for his Monroe Circuit Court conviction of accosting a child for immoral purposes and third-degree criminal sexual conduct.[1] Plaintiff's complaint asserts that he was subject to unconstitutional conditions at the Monroe County Jail while he was a pretrial detainee. The Court will summarily dismiss the complaint because Plaintiff fails to state a claim against either of the named defendants.

I

    The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a Defendant if it determines that the action

---

[1] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=616210

is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

II

Plaintiff claims that while he was a pretrial detainee at the Monroe County Jail, he "suffered from cruel and unusual punishments as a violation of the 8th and 14th Amendments due to discrimination and retaliation on the nature of [his] charges." (Complaint, ECF No. 1, PageID.3.)

Plaintiff asserts that when he arrived at the jail on March 13, 2024, he was immediately placed in protective custody though he did not request or require it. The placement meant that he did not have access to television, commissary, or a tablet. (*Id.*) Plaintiff requested to be transferred to another unit, and his request was not granted until May 25, 2024. (*Id.*)

Plaintiff asserts that on September 27, 2024, however, there was a "situation" involving Plaintiff and a friend "fooling around," but the officers "took it not as a joke." (*Id.*) This led to another lockdown and loss of privileges that persisted until at least October 25, 2024, the date Plaintiff drafted the complaint. (*Id.*) Plaintiff asserts that were "multiple times" he was denied showers, juice, a tablet, and TV. (*Id.*) Plaintiff seeks "at least $75,000" in damages." (*Id.*)

### III

The complaint is subject to summary dismissal because Plaintiff fails to state a claim against the named Defendants.

### A

First, Plaintiff may not maintain an action against the Monroe County Jail itself. Section 1983 imposes liability only on "persons." It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), abrogation on other grounds recognized by

*Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983).

Moreover, local governmental entities, like Monroe County, cannot be held liable under section 1983 solely for the acts of their agents - the agents are accountable under that statute for their own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Accordingly, the Monroe County Jail is dismissed from the complaint.

B

Plaintiff's claims concerning conditions at the jail he experienced as a pre-trial detainee arise under the Fourteenth Amendment and not the Eighth Amendment. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being." *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). The state has a duty to provide for an inmate's "basic human needs," including "food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).

Because the "the state does not acquire the power to punish until" an individual is convicted of a criminal offense, however, the Eighth Amendment does not apply to pretrial detainees. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Nevertheless, the Supreme Court has long recognized that the Due Process clause of the Fourteenth Amendment requires the State to house pretrial detainees under humane conditions. *See City of Revere*, 463 U.S. at 244; *see also Griffith v. Franklin Cty.*, 975 F.3d 554, 566 (6th Cir. 2020). Those protections are "at least as" extensive as those provided by the Eighth Amendment. *See City of Revere*, 463 U.S. at 244.

Claims arising under both Eighth and Fourteenth Amendments consist of an objective component, evaluating the gravity of the deprivation at issue, and a subjective component, assessing the responsible official's mental state. *Greene v. Crawford Cty.*, 22 F.4th 593, 605 (6th Cir. 2022). Courts apply the same objective standard under both Amendments. *See id*. at 605-06. Only deprivations of "necessit[ies] of civilized human existence" are sufficiently serious to violate the Constitution. *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). What constitutes a "necessity of civilized human existence" is determined by "contemporary standards of human decency" rather than a court's own "notions of enlightened policy." *Id*. (internal quotation marks omitted) (quoting *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990)). These "minimal necessities"

encompass basic human needs such as adequate medical care, food, shelter, and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Under this standard, none of the alleged conditions experienced by Plaintiff deprived him of the necessities of civilized human existence as determined by contemporary standards of human decency. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (standing alone, segregation does not impose an atypical and significant hardship); *Rawls v. Sundquist*, No. 96-5931, 1997 U.S. App. LEXIS 9606, 1997 WL 211289 (6th Cir. Apr. 28, 1997) (no constitutional right for prison access to television); *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000) (denial of shower and other personal hygiene items for limited period was not actionable); *Taylor v. Davis*, No. 1:21-cv-276, 2021 U.S. Dist. LEXIS 173564, *20, 2021 WL 4145628 (W.D. Mich. Sept. 13, 2021) (unavailability of commissary fails to allege denial of a basic human need).

Plaintiff therefore fails to state a claim under the Fourteenth Amendment related to the conditions of his confinement as a pretrial detainee.

## C

Plaintiff asserts that he was discriminated against due to the nature of the charges against him. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection

claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-88 (6th Cir. 2004). Prisoners, however, are not members of a protected class for equal protection purposes due to their status as prisoners. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Moreover, Plaintiff has not alleged facts that would plausibly suggest that he was treated differently than any other similarly situated prisoner. His conclusory allegations of unconstitutional conduct without any specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

D

Finally, Plaintiff asserts that he was retaliated against due to the nature of the charges against him. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Any retaliation claim

made by Plaintiff fails because he fails to assert that the complained-of actions or jail conditions resulted from Plaintiff engaging in constitutionally protected conduct.

## IV

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will summarily dismiss the complaint for Plaintiff's failure to state a claim.

**SO ORDERED**.

Date: January 31, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge